### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DUDLEY BARRINGTON MITCHELL,**

     **Petitioner,**

**v.**                          **Case No.  8:07-CV-1066-T-30MAP**
                                   **Crim. No. 8:05-CR-479-T-30MAP**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) and the Government's Response (Dkt. #6) thereto.  The Court scheduled an evidentiary hearing on the issue raised by Petitioner, to wit:  whether he is a derivative citizen of the United States.  The hearing was scheduled for October 30, 2007.  At the hearing, court-appointed counsel Thomas Ostrander, Esquire, requested that he be relieved and that a lawyer be appointed that had more immigration law experience and recommended Terry Christian, Esquire.  The Court continued the hearing until December 12, 2007, and appointed Terry Christian as counsel.

On December 12, 2007, the Court had an evidentiary hearing and heard the testimony of Petitioner and his former counsel Frank Zaremba and considered argument of counsel.  Mr. Christian advised the Court that Mr. Mitchell had an appeal pending before the Administrative Appeals Office of the U. S. Citizenship and Immigration Services concerning whether Mr. Mitchell was a derivative citizen.  This Court reserved ruling until the Immigration Court could again consider Mr. Mitchell's claim.  The Court has now been

advised that the Administrative Appeals Office of the U. S. Citizenship and Immigration Services has denied Mr. Mitchell's appeal and has determined that he is not a derivative citizen of the United States.

After hearing testimony and argument of counsel, this Court finds that defense counsel Frank Zaremba was not ineffective. Additionally, the Court finds that Mr. Mitchell is not a derivative citizen of the United States because his paternity was established by legitimation prior his sixteenth birthday and at that time he was in the legal custody of his father, as required by the definition of "child" in Section 101(c) of the Immigration and Nationality Act, 8 U.S.C. §1431. The detailed reasoning is set forth more particularly by the opinion of the Administrative Appeals Office (Dkt. #20). That reasoning is adopted by this Court. Therefore, having determined that Petitioner is not a derivative citizen of the United States.

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) is DENIED.

2.    Any pending motions are denied as moot.

3.    The Clerk is directed to close this file.

4.    The Clerk is directed to terminate the pending Motion to Vacate, Set Aside or Correct Sentence (Dkt. #25) in the underlying criminal case number 8:05-cr-479-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-1066.deny 2255.wpd